## FRAZIER *v.* PERKINS.

The acceptance of a beneficial gift is presumed.

ASSUMPSIT, for money had and received. The plaintiff's wife, in her last sickness, having in her possession $150 in money belonging to the plaintiff, in his presence and with his consent delivered the same to C. in trust as a gift of $50 to each of their three minor children. All the parties understood that the gift was complete. In reply to C.'s inquiry if he should deposit the

money in a savings-bank, the plaintiff suggested that it be deposited in the names of the children in such a way that the boy could draw his at the age of twenty-one, and the girls theirs at the age of eighteen. C. deposited in a savings-bank, without restriction, $50 in the name of each child. After the wife's death, he delivered the deposit-books to the plaintiff, who procured each of the children to sign an order in favor of the defendant, and requested the latter to draw the money and pay it over to him. The defendant drew the money, but declined to pay it to the plaintiff unless it should be decided to belong to him, whereupon this suit was brought. The court ordered judgment for the defendant, and the plaintiff excepted.

*A. F. L. Norris* and *C. G. Hawthorne*, for the plaintiff.

*H. W. Greene* and *H. E. Perkins*, for the defendant.

CARPENTER, J. The money was as much the gift of the plaintiff as if he had delivered it to C. with his own hand. No element necessary to make it a completely executed gift was wanting. It was beneficial to the children, and their acceptance is presumed. *Hurd* v. *Silsby*, 10 N. H. 110; *Peavey* v. *Tilton*, 18 N. H. 151; *Fellows* v. *Greenleaf*, 43 N. H. 421; *Johnson* v. *Farley*, 45 N. H. 505. The plaintiff's suggestion that the money be deposited in a particular way was advisory, and not a condition or limitation of the gift.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.