WHITNEY & *als.* v. HALE & *als.*

If A as principal and B as surety make a note and have it discounted and the avails paid to B, A signing it in consideration of B's promise to convey to him certain land or to refund the money, and B has disabled himself from conveying the land, and has not refunded the money or paid the note, his mortgage to A to indemnify him against loss by signing the note is valid.

A's knowledge of the existence of the condition of the mortgage was not essential to its validity. Being for his benefit, his acceptance would be presumed if no acceptance was shown.

WRIT OF ENTRY, for the foreclosure of a mortgage given by the defendant Hale, June 3, 1885, of certain real property, in favor of the plaintiffs and others. Damages assessed by a commissioner, who reported the following facts: The damages of the plaintiff Vail are assessed at $7,792.10, and of the plaintiff Cheney at $178.18, concerning which no objection is made. In January, 1883, Hale offered to sell to Whitney a one-fourth interest in a tract of land in Victory, Vt., for the sum of $5,000. January 22, 1883, Whitney accepted the proposition and paid Hale $5,000, of which sum $4,000 was raised at the Keene National Bank on a joint and several promissory note in the usual form, signed by Whitney as principal and Hale as surety, and dated January 22, 1883. At the same time Hale gave Whitney a writing, of which the following is a copy:

> "Keene, N. H., Jan. 22, 1883.

"Received of George E. Whitney five thousand ($5,000) dollars for a one-fourth interest in a certain tract of timber land in the town of Victory, Vermont, which I recently bought of George W. Chamberlin and I. Thompson. Said lot contains six and one half lots of land, the conditions of the said purchase of G. E. Whitney being that said Whitney is to have one fourth of the proceeds, less expenses, or his money refunded, with interest.

> S. W. Hale."

A corporation styled the New England Lumber Company was organized March 22, 1883. The property of the corporation consisted of the Victory land above mentioned, with the lumber and certain machinery thereon, conveyed to the corporation by Hale. Whitney never received any deed from Hale of any share or part of the land, nor any portion of the proceeds of the property so conveyed by Hale to the company, nor any of the certificates of stock of the company.

Hale became insolvent in June, 1885. Whitney considered the $4,000 note as his note, and paid the interest upon it to January 22, 1886, making the last payment April 30, 1886. He ceased to pay interest because Hale had disposed of the land. He supposed at the time of Hale's failure, and stated, that he had a quarter interest in the land.

The condition of the mortgage, so far as it related to Hale's indebtedness to Whitney, is as follows: "And shall well and truly indemnify and save harmless the said Whitney from all loss, cost, damage, and expense to which he may be subjected by reason of his signing, at the request of said Hale and for his accommodation, a certain promissory note for four thousand dol-

lars with said Hale, payable to the Keene National Bank; and shall well and truly pay the said Whitney the sum of sixty-five hundred dollars, now due and owing said Whitney," etc.   At the time of Hale's failure he owed Whitney $6,500 on account of transactions independent of the $4,000 note.   That note was the only note in the bank which had the names of both Whitney and Hale upon it.   Whitney's name was not on any other Hale paper in 1885.   June 5, 1885, immediately after his failure, Hale informed Whitney he had secured him in the Victory land matter by the mortgage in suit, and informed him how he could secure his claim for $6,500 by attachment.   Following Hale's suggestions, Whitney collected by suit and otherwise $6,500 to $6,600.

The Peterborough Savings Bank and the Hudson National Bank, who are defendants with Hale, brought suits against Hale after the mortgage, attached the equity, the Peterborough bank first and the Hudson bank next, and at a sale of it under executions in their favor, bought it in.   Whitney's damages are assessed at $5,553.81, as of November 5, 1891.   The two banks object that his claim for that sum is not secured by the mortgage as against them.

*Josiah G. Bellows* and *Charles H. Hersey*, for the plaintiffs.

*Frank G. Clarke*, for Peterborough Savings Bank.

*Batchelder & Faulkner*, for Hudson National Bank.

CLARK, J.   The defendants, who are creditors of Hale, the mortgagor, attaching the equity in the mortgaged premises, object that the mortgage does not indemnify Whitney against the four-thousand-dollar note to the Keene National Bank.   In January, 1883, Hale received of Whitney $5,000 upon an agreement to convey to Whitney a one-fourth interest in certain timber land, or to refund the money with interest.   The land was never conveyed.   Of the money received by Hale, $4,000 was borrowed of the Keene National Bank on a joint and several note signed by Whitney as principal and Hale as surety, and dated January 22, 1883.   When the mortgage was executed, June 3, 1885, Hale had disposed of the land, and was bound to refund the money received of Whitney with interest: the note to the bank was outstanding, and, as between Hale and Whitney, was then in fact Hale's debt.   He had received the money for which the note was given, and by the contract with Whitney he was required to refund it, having failed to convey the land.

The condition of the mortgage so far as it relates to the note is, "and shall well and truly indemnify and save harmless the said Whitney from all loss, costs, damage, and expense to which he may be subjected by reason of his signing, at the request of

said Hale and for his accommodation, a certain promissory note for four thousand dollars, with said Hale, payable to the Keene National Bank, . . ." It does not admit of a doubt that Hale intended to indemnify Whitney against his liability on the note. He treated the debt represented by the note as incurred for him, and executed the mortgage to secure Whitney against liability upon it. There is no error in the description of the note in the condition of the mortgage. The note described is for $4,000, payable to the Keene National Bank, and signed by Whitney and Hale. This corresponds with the note, which was the only note held by the bank signed by Whitney and Hale. It is no error in the description that it does not specify that Whitney signed as principal and Hale as surety, or that it states that the note was signed by Whitney at the request and for the accommodation of Hale. There is no variance between the note and the description in the condition of the mortgage. There is evidence in the case indicating that the transaction was in fact as described in the condition of the mortgage,—that the money was raised and the note signed at the request of Hale and for his accommodation. It appears that Hale offered an interest in the timber land for $5,000 and obtained that amount of money, of which $4,000 was raised on the note upon an agreement to convey the land or repay the money. The transaction was in effect an arrangement for obtaining a loan of $5,000 for Hale's accommodation. It seems to be assumed by the defendants in argument that the condition of the mortgage describes a note signed by Whitney as surety for Hale; whereas it describes a note signed by Whitney with Hale, for Hale's accommodation, which would naturally be signed by Whitney as principal.

The defendants do not set up want of notice, or infirmity, or fraud in the mortgage, but insist that the note is not covered by it because Whitney regarded the debt as his when the mortgage was made. The mortgage is to indemnify Whitney against the liability assumed by him on the note at Hale's request and for his accommodation. The indebtedness to the bank, for which the note was given, was incurred in consequence of Hale's agreement to convey the land. or refund the money with interest. Hale's promise was the inducement for obtaining the loan, and therefore the note was signed by Whitney at Hale's request, as stated in the condition of the mortgage. Hale having failed to convey the land, and being liable to Whitney for the money obtained on the note, treating the indebtedness as incurred for him, executed the mortgage with the intention and for the purpose of indemnifying Whitney against loss by reason of procuring the loan and signing the note, of which he had received the proceeds. The defendants are creditors claiming title under Hale by an attachment and levy subsequent to the mortgage; and the only question is, whether the mortgage is valid as to the note. The description

was sufficient to direct the defendants to the note and the character of the incumbrance created by the mortgage, and there is no intimation that they were misled or in doubt as to its being the note described in the condition of the mortgage and intended to be secured by it, and there is no suggestion of fraud or estoppel.    When the mortgage was executed Hale had disposed of the land and put it out of his power to convey it, and it had become certain that Whitney's liability upon the note had been incurred for Hale's accommodation, and the undertaking of Hale to secure Whitney against loss by reason of the transaction was upon a sufficient consideration, and the mortgage is valid against the subsequent attaching creditors.

Whitney's supposition, at the time of Hale's failure, that Hale had conveyed or secured to him a quarter interest in the land, and the fact that he regarded the note to the bank as his own debt, are immaterial.    As between him and the bank it was his debt.    His understanding, founded upon a mistake of fact, did not affect his rights under the mortgage.    Nor is it material whether he understood when it was made that it indemnified him against loss on account of the four-thousand-dollar note.    The validity of the mortgage did not depend upon Whitney's knowledge of the extent of his rights under it, or even his knowledge of its existence.    It was not a personal mortgage to which the affidavit of the parties was required.    Being for his benefit, Whitney's acceptance of it would be presumed if no actual acceptance was shown.    *Frazier* v. *Perkins*, 62 N. H. 69; *Johnson* v. *Farley*, 45 N. H. 505; *Peavey* v. *Tilton*, 18 N. H. 151.    As the validity of the mortgage did not depend upon it, the time of the actual acceptance is not material.

*Case discharged.*

SMITH, J., did not sit; the others concurred.